EXHIBIT 4

| | |
|---|---|
| **To:** | PICCIOLINI, CHRISTIAN (marcus.harris@saul.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 87682122 - EXITUSA - N/A |
| **Sent:** | 2/26/2018 12:37:39 PM |
| **Sent As:** | ECOM123@USPTO.GOV |
| **Attachments:** | Attachment - 1<br>Attachment - 2<br>Attachment - 3 |

UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION SERIAL NO.** 87682122

**MARK:** EXITUSA

**\*87682122\***

**CORRESPONDENT ADDRESS:**
   MARCUS STEPHEN HARRIS
   SAUL EWING ARNSTEIN & LEHR, LLP
   161 N. CLARK STREET
   SUTIE 4200
   CHICAGO, IL 60601

**CLICK HERE TO RESPOND TO THIS LETTER:**
http://www.uspto.gov/trademarks/teas/response_forms.jsp

VIEW YOUR APPLICATION FILE

**APPLICANT:** PICCIOLINI, CHRISTIAN

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
   N/A

**CORRESPONDENT E-MAIL ADDRESS:**
   marcus.harris@saul.com

## OFFICE ACTION

### STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW. A RESPONSE TRANSMITTED THROUGH THE TRADEMARK ELECTRONIC APPLICATION SYSTEM (TEAS) MUST BE RECEIVED BEFORE MIDNIGHT **EASTERN TIME** OF THE LAST DAY OF THE RESPONSE PERIOD.

**ISSUE/MAILING DATE: 2/26/2018**

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

The trademark examining attorney has searched the USPTO's database of registered and pending marks and has found no similar registered marks that would bar registration under Trademark Act Section 2(d). TMEP §704.02; *see* 15 U.S.C. §1052(d). However, a mark in a prior-filed pending application may present a bar to registration of applicant's mark.

SUMMARY OF ISSUES:
- Prior-Filed Application
- Partial Specimen Refusal
- Identification Of Services
- Multiple-Class Application Requirements

PRIOR-FILED APPLICATION

The filing date of pending U.S. Application Serial No. 87615677 precedes applicant's filing date. See attached referenced application. If the mark in the referenced application registers, applicant's mark may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion between the two marks. *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq.* Therefore, upon receipt of applicant's response to this Office action, action on this application may be suspended pending final disposition of the earlier-filed referenced application.

In response to this Office action, applicant may present arguments in support of registration by addressing the issue of the potential conflict between applicant's mark and the mark in the referenced application. Applicant's election not to submit arguments at this time in no way limits applicant's right to address this issue later if a refusal under Section 2(d) issues.

PARTIAL SPECIMEN REFUSAL

THIS PARTIAL REFUSAL APPLIES TO CLASS 42 ONLY

Registration is refused because the specimen does not show the applied-for mark in use in commerce in International Class 42. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a), 1301.04(g)(i). Specifically, the specimen states that the applicant "support[s] counselors and social workers working with individuals looking to change." However, the identification specifies that the applicant is applying for counseling and social services. It is not clear from the specimen that the applicant is providing counseling services, as the specimen merely states that the applicant will "support counselors and social workers." Further, as the identification does not specify the type of social services, it is not clear whether this specimen supports the services or not.

An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark in use in commerce for each international class of services identified in the application or amendment to allege use. 15 U.S.C. §1051(a)(1); 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).

Examples of specimens for services include advertising and marketing materials, brochures, photographs of business signage and billboards, and webpages that show the mark used in the actual sale, rendering, or advertising of the services. *See* TMEP §1301.04(a), (h)(iv)(C). Specimens comprising advertising and promotional materials must show a direct association between the mark and the services. TMEP §1301.04(f)(ii).

Applicant may respond to this refusal by satisfying one of the following for each applicable international class:

(1) Submit a different specimen (a verified "substitute" specimen) that (a) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use and (b) shows the mark in actual use in commerce for the services identified in the application or amendment to allege use. A "verified substitute specimen" is a specimen that is accompanied by the following statement made in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20: "The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application or prior to the filing of the amendment to allege use." The substitute specimen cannot be accepted without this statement.

(2) Amend the filing basis to intent to use under Section 1(b), for which no specimen is required. This option will later necessitate additional fee(s) and filing requirements such as providing a specimen.

For an overview of *both* response options referenced above and instructions on how to satisfy either option online using the Trademark Electronic Application System (TEAS) form, please go to http://www.uspto.gov/trademarks/law/specimen.jsp.

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration. However, if applicant responds to the refusal(s), applicant must also respond to the requirement(s) set forth below.

IDENTIFICATION OF SERVICES

The below entries in the identification of services are misclassified, indefinite and overly-broad. *See* 37 C.F.R. §2.32(a)(6); TMEP §1402.01.

- "Social services in the field of helping individuals disengage from extremist movements and ideologies" is overly-broad and indefinite. It is not clear from the entry what services the applicant is providing. For example, "Organizing and conducting support groups in the field of {indicate field or subject matter}", "Counseling in the field of personal development, namely, self-improvement, self-fulfillment, and interpersonal communication" are in Class 45.

- "Providing counseling to individuals to assist them in disengaging from extremist movements and ideologies" is misclassified, indefinite, and overly-broad as "Psychological counseling" is in Class 44, Spiritual counseling" is in Class 45, etc.

Applicant may adopt the following identification, if accurate:

Class 41: Acceptable

~~Class 42: Social services in the field of helping individuals disengage from extremist movements and ideologies; Providing counseling to individuals to assist them in disengaging from extremist movements and ideologies~~

*Class 44:* Providing *[indicate type of counseling, e.g., psychological, mental health]* counseling to individuals to assist them in disengaging from extremist movements and ideologies

*Class 45:* Social services**, namely, [indicate services, e.g., Organizing and conducting support groups, Personal development in the nature of self-improvement counseling]** in the field of helping individuals disengage from extremist movements and ideologies; Providing *[indicate type of counseling, e.g., spiritual]* counseling to individuals to assist them in disengaging from extremist movements and ideologies

Applicant may amend the identification to clarify or limit the goods and/or services, but not to broaden or expand the goods and/or services beyond those in the original application or as acceptably amended. *See* 37 C.F.R. §2.71(a); TMEP §1402.06. Generally, any deleted goods and/or services may not later be reinserted. *See* TMEP §1402.07(e).

For assistance with identifying and classifying goods and services in trademark applications, please see the USPTO's online searchable *U.S. Acceptable Identification of Goods and Services Manual*. *See* TMEP §1402.04.

MULTIPLE-CLASS APPLICATION REQUIREMENTS

The application references goods and/or services based on use in commerce in more than one international class; therefore, applicant must satisfy all the requirements below for each international class:

(1) **List the goods and/or services by their international class number** in consecutive numerical order, starting with the lowest numbered class (for example, International Class 3: perfume; International Class 18: cosmetic bags sold empty).

(2) **Submit a filing fee for each international class** not covered by the fee(s) already paid (view the USPTO's current fee schedule). Specifically, the application identifies services based on use in commerce that are classified in at least three classes; however, applicant submitted a fee(s) sufficient for only two classes. Applicant must either (a) submit the filing fees for the classes not covered by the submitted fees or (b) restrict the application to the number of classes covered by the fees already paid.

(3) **Submit verified dates of first use of the mark** anywhere and in commerce **for each international class**. See more information about verified dates of use.

(4) **Submit a specimen for each international class**. The current specimen is acceptable for class 41; and applicant needs a specimen for classes 44 and 45. See more information about specimens.

Examples of specimens for services include advertising and marketing materials, brochures, photographs of business signage and billboards, and website printouts that show the mark used in the actual sale, rendering, or advertising of the services.

(5) **Submit a verified statement** that "**The specimen was in use in commerce on or in connection with the goods and/or services listed in the application at least as early as the filing date of the application.**" See more information about verification.

*See* 15 U.S.C. §§1051(a), 1112; 37 C.F.R. §§2.32(a)(6)-(7), 2.34(a)(1), 2.86(a); TMEP §§904, 1403.01, 1403.02(c).

See an overview of the requirements for a Section 1(a) multiple-class application and how to satisfy the requirements online using the Trademark Electronic Application System (TEAS) form.

**RESPONSE**

If applicant has questions regarding this Office action, please telephone or e-mail the assigned trademark examining attorney. All relevant e-mail communications will be placed in the official application record; however, an e-mail communication will not be accepted as a response to this Office action and will not extend the deadline for filing a proper response. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05. Further, although the trademark examining attorney may provide additional explanation pertaining to the refusal(s) and/or requirement(s) in this Office action, the trademark examining attorney may not provide legal advice or statements about applicant's rights. *See* TMEP §§705.02, 709.06.

**TEAS PLUS OR TEAS REDUCED FEE (TEAS RF) APPLICANTS – TO MAINTAIN LOWER FEE, ADDITIONAL REQUIREMENTS MUST BE MET, INCLUDING SUBMITTING DOCUMENTS ONLINE:** Applicants who filed their application online using the lower-fee TEAS Plus or TEAS RF application form must (1) file certain documents online using TEAS, including responses to Office actions (see TMEP §§819.02(b), 820.02(b) for a complete list of these documents); (2) maintain a valid e-mail correspondence address; and (3) agree to receive correspondence from the USPTO by e-mail throughout the prosecution of the application. *See* 37 C.F.R. §§2.22(b), 2.23(b); TMEP §§819, 820. TEAS Plus or TEAS RF applicants who do not meet these requirements must submit an additional processing fee of $125 per class of goods and/or services. 37 C.F.R. §§2.6(a)(1)(v), 2.22(c), 2.23(c); TMEP §§819.04, 820.04. However, in certain situations, TEAS Plus or TEAS RF applicants may respond to an Office action by authorizing an examiner's amendment by telephone or e-mail without incurring this additional fee.

Hartnett, Megan K.
/Megan Hartnett/
Examining Attorney
Trademark Law Office 123
(571) 270-1977
megan.hartnett@uspto.gov

**TO RESPOND TO THIS LETTER:** Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp. Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application. For *technical* assistance with online forms, e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned trademark examining attorney. **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:** It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants). If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/. Please keep a copy of the TSDR status screen. If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

Print: Feb 26, 2018     87615677     Issue: Mar 13, 2018

### DESIGN MARK

**Serial Number**
87615677

**Status**
PUBLICATION/ISSUE REVIEW COMPLETE

**Word Mark**
EXITUSA

**Standard Character Mark**
Yes

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Life After Hate, Inc. not-for-profit corporation ILLINOIS 917 W. Washington Blvd., Suite 212 Chicago ILLINOIS 60607

**Goods/Services**
Class Status -- ACTIVE. IC 041. US 100 101 107. G & S: Educational services, namely, providing classes, workshops, seminars and lectures in the nature of the teaching of counter racism and counter extremism in order to foster acceptance of all races, cultures, religions. First Use: 2015/03/13. First Use In Commerce: 2015/03/13.

**Goods/Services**
Class Status -- ACTIVE. IC 045. US 100 101. G & S: Non-profit social services in the nature of social counseling, personal development counseling, personal improvement counseling and self-improvement counseling in the field of helping radicalized individuals to disengage from extremist movements; Non-profit social networking services in the field of helping radicalized individuals to disengage from extremist movements provided via a website; Providing supportive emotional counseling and emotional support to current and former hate group members and at-risk-youth to assist them in the process of de-radicalization. First Use: 2015/03/13. First Use In Commerce: 2015/03/13.

**Filing Date**
2017/09/20

**Examining Attorney**

**Print: Feb 26, 2018**        87615677        **Issue: Mar 13, 2018**

KEAN, AMY

**Attorney of Record**
Floyd A. Mandell

-2-

# EXITUSA

| | |
|---|---|
| **To:** | PICCIOLINI, CHRISTIAN (marcus.harris@saul.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 87682122 - EXITUSA - N/A |
| **Sent:** | 2/26/2018 12:37:41 PM |
| **Sent As:** | ECOM123@USPTO.GOV |
| **Attachments:** | |

**UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)**

## IMPORTANT NOTICE REGARDING YOUR U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED ON **2/26/2018** FOR U.S. APPLICATION SERIAL NO. 87682122

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) TIMELY RESPONSE IS REQUIRED:** Please carefully review the Office action to determine (1) how to respond, and (2) the applicable response time period. Your response deadline will be calculated from **2/26/2018** (*or sooner if specified in the Office action*). A response transmitted through the Trademark Electronic Application System (TEAS) must be received before midnight **Eastern Time** of the last day of the response period. For information regarding response time periods, see http://www.uspto.gov/trademarks/process/status/responsetime.jsp.

**Do NOT hit "Reply" to this e-mail notification, or otherwise e-mail your response** because the USPTO does NOT accept e-mails as responses to Office actions. Instead, the USPTO recommends that you respond online using the TEAS response form located at http://www.uspto.gov/trademarks/teas/response_forms.jsp.

**(3) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

## WARNING

**Failure to file the required response by the applicable response deadline will result in the ABANDONMENT of your application.** For more information regarding abandonment, see http://www.uspto.gov/trademarks/basics/abandon.jsp.

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:** Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations. These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document. Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation. All official USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov." For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.