## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LIFE AFTER HATE, INC., a/k/a EXITUSA, <br><br> Plaintiff, <br><br> v. <br><br> FREE RADICALS PROJECT INC. and CHRISTIAN PICCIOLINI, <br><br> Defendants. | Case No. 18-cv-06967 <br><br> Judge Virginia M. Kendall <br><br> Magistrate Judge Jeffrey Cole |

### PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Plaintiff LIFE AFTER HATE, INC., a/k/a EXITUSA ("Plaintiff"), by and through its undersigned attorneys, hereby moves the Court to limit Defendants' discovery requests to issues reasonably relevant and otherwise proportional to the preliminary injunction hearing. Plaintiff also requests that the Court move the fact discovery deadline to January 21, 2018 so Plaintiff's and Defendants' proposed depositions can be conducted within a reasonable time after the holidays.

### ARGUMENT

After a hearing on November 8, 2018, the Court ordered the parties to engage in fact discovery in preparation for the February 22, 2018 preliminary injunction hearing. *See* ECF No. 19. The Court issued its Order after the initial hearing on Plaintiff's Motion for a Preliminary Injunction Order. The Court also set the preliminary injunction hearing date, as well as the deadline for Defendants Response (and Plaintiff's Reply) to Plaintiff's Motion for Preliminary Injunction hearing, after the close of discovery. In other words, the fact discovery was for and limited in scope to the preliminary injunction hearing.

Additionally, Defendants have not filed an Answer and the parties have not conducted a 26(f) Conference, both of which are required to commence regular discovery. The current

discovery, therefore, is not discovery for the case in general but is instead limited to evidence sufficiently relevant and proportional to the needs of the preliminary injunction hearing.

### Preliminary Injunction Hearing Issues

Plaintiff's request for a preliminary injunction is premised on its federal trademark counterfeiting/infringement and deceptive trade practices claims. Several allegations and claims in Plaintiff's First Amended Complaint (including its tortious interference claim, conversion claim, breach of fiduciary claim, etc.) are not part of or relevant to its Motion for Preliminary Injunction. Therefore, any discovery request related to such allegations and claims is improper because such a request is outside of the issues that will be litigated in the preliminary injunction hearing. Because Plaintiff will be required to prove (1) its ownership of valid trademarks, (2) Defendants' use of a mark or marks that likely cause consumer confusion, and (3) irreparable harm, discovery for the preliminary injunction hearing is inherently limited to evidence reasonably relevant to the ownership, validity, and use of the marks at issue, as well as the issue of irreparable harm. All other issues are not relevant to the preliminary injunction hearing and should be addressed later in the course of regular discovery.

Plaintiff therefore moves the Court to limit several of Defendants' discovery requests pursuant to FRCP 26(c)(1)(D) and entirely forbid others pursuant to FRCP 26(c)(1)(A) because they request discovery outside of the scope of the preliminary injunction issue or are otherwise not proportional to the needs of the hearing. Plaintiff also asks the Court to move back the deadline for fact discovery by two weeks. Finally, Plaintiffs requests that the Court resolve for the parties the amount and location of Defendants' proposed depositions.

I.   **Several of Defendants Discovery Requests are Outside the Scope of the Preliminary Injunction Discovery or are Otherwise Unduly Burdensome in Light of the Proportional Needs of the Preliminary Injunction Hearing.**

Rule 26 of the Federal Rules of Civil Procedure permits the discovery of nonprivileged matter "that is relevant" to a party's claim or defense and "proportional" to the needs of a case, considering the importance of the issues at stake, the importance of the discovery in resolving those issues, the amount in controversy, and the weighing of burdens and benefits. *See* Rule 26(b)(1). Correspondingly, Federal Rule of Civil Procedure 26(c) provides that a Court may, "for good cause," issue an order to protect a party subject to discovery "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). As relevant here, Rule 26 specifically authorizes the Court to issue a protective order limiting the scope of discovery and protecting a party from irrelevant, unfairly annoying, or unduly burdensome discovery requests. *Id.*

The scheduled preliminary injunction hearing will center on the elements of a preliminary injunction, including the likelihood of success on the merits of Plaintiff's federal counterfeiting/trademark claim and deceptive trade practice claim (both claims require the same elements and legal analysis) and irreparable harm  Any discovery request that is not sufficiently relevant to the ownership, validity, and use of the marks at issue—or to the issue of irreparable harm—is  thus improper. Moreover, any discovery request that requires the production of unduly burdensome information and/or evidence in light of the proportional needs of the preliminary injunction hearing is also improper.

The following discovery requests that Defendants served on Plaintiff are either outside of the scope of the preliminary injunction issues because they ask for discovery not sufficiently relevant to ownership, validity, and use of the marks at issue or the parties' likely irreparable harm,

or they are unduly burdensome for the purposes and proportional needs of the preliminary injunction hearing—or both:

**DEFENDANTS' REQUESTS TO PRODUCE**

> **1. All Documents, ESI, Communications, and Other Things related to the allegations and claims contained in the Complaint . . . ."**

Plaintiff believes this discovery request is not reasonably related to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties), as several allegations and some claims in Plaintiff's First Amended Complaint are not related to such issues. Moreover, "All Documents, EDI, Communications, and Other Things related to the allegations and claims contained in the Complaint" is essentially asking for all discovery related to this case, which is not proportional to the needs of the preliminary injunction hearing. Defendants should narrow this request.

> **2. All Documents, ESI, and Other Things regarding all current board members, employees, volunteers, contractors, and any and all others associated with Life After Hate, including personnel files, and any documents regarding criminal convictions, arrests, or litigation involving such persons.**

Plaintiff believes this discovery request is not reasonably related to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties), as personal files, criminal convictions, or arrests are not reasonable related to the above-references preliminary injunction issues, nor is such a discovery appropriate for every board member, employee, volunteer, contractor, or anyone else associated with Plaintiff. Moreover, a request for "All Documents, EDI, Communications, and Other Things" of this subject matter is not proportional to the needs of the preliminary injunction hearing. Defendants should narrow this request.

**3. All Documents, ESI, Communications, and Other Things regarding all board meeting minutes and resolutions from January 1, 2014 through the present, and all articles and by-laws of Life After Hate.**

Plaintiff believes this discovery request is not reasonably related to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties, as all of the minutes of every board meeting is not reasonably relevant or related to the above-references preliminary injunction issues." Defendants should narrow this request to all board meeting minutes related to the ownership and/or use of the marks at issue.

**4. All Documents, ESI, Communications, and Other Things related to any programming policies, assessment tool(s), and transition program(s) You created or were created on Your behalf.**

Plaintiff believes this discovery request is not reasonably related to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties), especially the request for programming policies. Moreover, a request for "All Documents, EDI, Communications, and Other Things" is not proportional to the needs of the preliminary injunction hearing. Defendants should narrow this request to a request for the tools and programs themselves.

**6. All Documents, ESI, Communications, and Other Things regarding any exit services, networking services, counseling services, or any other services You provided since August 2017.**

Plaintiff believes this discovery requests for "All Documents, EDI, Communications, and Other Things" is not proportional to the needs of the preliminary injunction hearing. Defendants should narrow the request to specific advertising related to those services or otherwise ask Plaintiff to provide reasonable information about the services in an interrogatory.

**7. All Documents, ESI, and Other Things related to interventions You performed, created, developed, or expanded after August 2017.**

5

Plaintiff believes that a request for "All Documents, EDI, Communications, and Other Things" is not proportional to the needs of the preliminary injunction hearing. Defendants should narrow the request.  While information about the date and location about interventions is relevant to Plaintiff's use of the at-issue marks, a request for all Documents, EDI, and Other Things related to all interventions is relevant to or proportional to the needs of the preliminary junction hearing.

**8. All Documents, ESI, Communications, and Other Things related to formal training Your employees, volunteers, contractors, agents, or those associated with Life After Hate received to conduct outreach efforts since August 2017.**

Plaintiff believes this discovery request is not reasonably related to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties), as the formal training of ALL employees, volunteers, contractors, agents, and other "associated" people is not relevant to the above-referenced preliminary injunction issues. Moreover, a request for "All Documents, EDI, Communications, and Other Things" regarding this subject matter is not proportional to the needs of the preliminary injunction hearing.

**9. All of Your bank records from January 1, 2014 through the present.**

Plaintiff believes this discovery request is not reasonably related to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties), as a blanket request for all of Plaintiff's bank records is not relevant to the above-referenced preliminary injunction issues or is not otherwise proportional to the needs of the hearing.

**10. All donor acknowledgement letters, email, or other records from January 1, 2014 through the present.**

Plaintiff believes this discovery request is not reasonably related to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at

6

issue, as well as the likely irreparable harm of the parties), as requesting for all donor letters, emails, and other records in general is not reasonably relevant to the above-referenced preliminary injunction issues and are not otherwise proportional to the needs of the preliminary junction hearing.  Defendants should limit their request to letters, emails, and other records from donors that are relevant to the issue of consumer confusion.

**11. All Documents, ESI, Communications, and Other Things related to Your source(s) of funding, any fundraising campaigns, and any donations and/or gifts made to Life After Hate from January 1, 2014 through the present.**

While Plaintiff believes this discovery request is reasonably related to the preliminary injunction issues, a request for "All Documents, EDI, Communications, and Other Things" is not proportional to the needs of the preliminary injunction hearing.  It would be far more appropriate and proportional for Defendants to ask for a list of funding sources in an interrogatory.

**12. All Documents, ESI, and Other Things regarding Your expenditures, invoices, and financial agreements related to both private and government sources, since August 2017.**

Plaintiff believes that a request for "All Documents, EDI, Communications, and Other Things" regarding "expenditures, invoices, and financial agreements" is not proportional to the needs of the preliminary injunction hearing when an interrogatory requesting (or a request for Documents demonstrating) the amount and source would be sufficient.

**14. All Documents, ESI, Communications, and Other Things related to Your costs in running Your server, including but not limited to those that show Your costs in redirecting the Domain Name or website to another domain name or website.**

Plaintiff believes this discovery request is not reasonably related to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties), as the costs in Plaintiff running

its server is not relevant to the above-referenced preliminary injunction issues. Moreover, a request for "All Documents, EDI, Communications, and Other Things" is not proportional to the needs of the preliminary injunction hearing.

**18. All Documents, ESI, Communications, and Other Things related to the Web Analytics associated with the Domain Name and Your online accounts including websites, Facebook accounts, YouTube accounts, and Twitter accounts.**

Plaintiff believes this discovery request should specify the time period of the request, as Plaintiff has not had access to the referenced Domain Name, and online accounts for some time.

**20. All Documents, ESI, Communications, and Other Things that You had with Defendants and that you had with third-parties related to Defendants.**

Plaintiff believes this discovery requests is not reasonably related to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties), as ALL of Plaintiff's Documents, ESI, and Communications with Defendants or third-parties related to Defendants are not relevant to the above-referenced preliminary injunction issues or proportional to the needs thereof. Only those Documents, ESI, Communications, and Other Things with Defendants that reference or are otherwise relevant to the validity, ownership, and use of the marks at issue are relevant and arguably proportional.

**21. All Documents, ESI, Communications, and Other Things related to and evidencing any damages You have suffered as a result of Defendants alleged infringements.**

Plaintiff believes this request for "All Documents, EDI, Communications, and Other Things" is not sufficiently relevant or proportional to the needs of the preliminary injunction hearing when specific damages are not at issue in the preliminary injunction hearing.

**22. All Documents, ESI, Communications, and Other Things that You intend to use at trial or any evidentiary hearing in this case.**

Plaintiff believes this discovery requests is not reasonably related to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties), as it asks for things Plaintiff intends to use at trial and not the preliminary injunction hearing.

**23. All Documents, ESI, Communications, and Other Things related to Plaintiff's consideration of and decision to bring this suit against Defendants.**

Plaintiff believes this discovery request is not proportional to the needs of the preliminary injunction hearing, as it essentially asks for <u>all</u> possible discovery related to the case.

**24. All Documents, Communications, and Other Things prepared by any experts you have consulted and all Documents, Communications, and Other Things prepared by any experts who will testify at any trial or evidentiary hearing in this case.**

Plaintiff believes that no experts will or can testify at the preliminary injunction hearing and so this request is inappropriate.

## INTERROGATORIES

(FROM DEFENDANT CHRISTIAN PICCIOLINI)

**2. From January 1, 2015, through the present, describe with specificity all services you perform or performed under or associated with the "ExitUSA" program, including the date(s) you provided those services, and identify each and every current or past employee, person associated with, or person acting at the direction of Plaintiff who provide(d) said service on each specific date you identify, identify the name of the client or family that requested the service, and identify all individuals who were present when you performed the service for the client or family you identify.**

Plaintiff believes this interrogatory is not proportional to the needs of the preliminary injunction hearing. While Plaintiff can generally list its services, the dates Plaintiff started to provide those general services, as well as the individuals who have provided or today provide the services, a description of each date of each service provided,

the client for each service, and a list of all of the individuals who were present when those services were performed, is overly burdensome and not proportional to the needs of the preliminary injunction hearing.

> **3. State all sources of actual funds raised, income, and/or funding Plaintiff received from January 1, 2014 through the present and, for each source you identify, state the amount you received, the date you received said amount, the person or entity that provided or paid the income and the purpose for having receiving the income/the right to receive that income (e.g. for services rendered, charitable donations, etc.).**

Plaintiff believes this interrogatory is not proportional to the needs of or reasonably relevant to the preliminary injunction hearing. While Plaintiff can list its sources of income and/funding it has received, additional details are not relevant to the preliminary injunction hearing.

> **5. State all facts supporting your contention that Picciolini tried coercing and threatening individuals who were members of white supremacy groups to exit the groups, as alleged in Paragraph 18 of your Complaint.**

Plaintiff believes this interrogatory is not reasonably relevant to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties). The allegations in Paragraph 18 of Plaintiff's Complaint is not relevant to the issues of the preliminary injunction hearing.

> **6. Describe with specificity all facts supporting your contention that in April of 2017, the cofounders of Plaintiff convened to discuss Plaintiff's issues with Picciolini directly, as alleged by you in Paragraph 22 of your Complaint, and include who was present, where the meeting took place, how long the meeting, the substance of what was discussed, and whether the meeting is reflected in any corporate records, resolutions, or minutes.**

Plaintiff believes this interrogatory is not reasonably relevant to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties). The meeting referenced is not relevant to the validity, ownership, and use of the marks at issue.

**7. Describe with specificity all facts supporting your contention that in June 2017, Picciolini blackmailed one of Plaintiff's Board Members and Picciolini demanded all of Plaintiff's Board Members to resign and turn over Plaintiff to him, as alleged by you in Paragraph 23 of your Complaint, and as part of your answer identify the Board Member you claim Picciolini blackmailed, and identify which Board Members you claim that Picciolini made a demand upon.**

Plaintiff believes this interrogatory is not reasonably relevant to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties). The threat at issue in Paragraph 23 of Plaintiff's Complaint is not relevant to the Preliminary Injunction hearing.

**8. Describe with specificity all facts supporting your allegation that on August 21, 2017, Picciolini violated Plaintiff's confidentiality and privacy agreements by posting about a rape victim on social media and as a result Plaintiff demand that Picciolini turn over all online assets and suspended him, as alleged in Paragraph 24 of your Complaint, including identification of the specific confidentiality and privacy agreements you claim were violated, an explanation as to how you contend the social media post violated the specific confidentiality and privacy agreements, a description of the substance of the social media post, which individuals working for Plaintiff invoked the suspension, the dates of the suspension, and state whether the suspension is reflected in any of Plaintiff's corporate records, resolutions, or minutes.**

Plaintiff believes this interrogatory is not reasonably relevant to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties). Plaintiff's allegation concerning Defendant's breach of a confidentially agreement is not relevant to the preliminary injunction hearing.

**14. Identify all instances in which Plaintiff has used Picciolini likeness, name, or image on or after September 2017 through the present, and for all instances, state the date of Plaintiff's usage of Picciolini's likeness, name, or image, and the purpose for using Picciolini's likeness, name or image.**

Plaintiff believes this interrogatory is not reasonably relevant to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties). Plaintiff's use of Defendants' likeness is not relevant to the preliminary injunction hearing.

11

**17. For the Requests to Admission served by Defendants concurrently herewith, state all facts supporting your response to any request that is not an unqualified admission, as well as identifying all individuals with knowledge of the basis for each response.**

Plaintiff believes this interrogatory is not proportional to the needs of the preliminary injunction hearing and also consist of several interrogatories in one.

**18. State with specificity all damages you claim under each count of your Complaint and, for all monetary damages you claim, state all facts relating to how you determined the amount of your damages.**

Plaintiff believes this interrogatory is not reasonably relevant to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties). The exact amount of damages is not relevant to any preliminary injunction hearing issue.

(FROM FREE RADICALS PROJECT INC.)

**1. Identify every person who has held a position as a board member of Plaintiff, is or has been employed by, associated with, or has acted at the direction of Plaintiff from August 2017 through the present and, for each person identified, state each person's job title, describe each person's job duties, state all facts relating to the criminal record of each person, including whether each person has been convicted of a crime, a description of what the crime that person was convicted of, whether that person has served time in any prison or penitentiary, and the length of time each person served time in said prison or penitentiary, and state the total amount each person receives from Plaintiff as compensation/the salary each Plaintiff pays to each person.**

Plaintiff believes this interrogatory is not reasonably relevant to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties). Nor is the interrogatory proportional to the needs of the preliminary injunction hearing. The job duties, criminal records, and compensation of every single person that was ever a board member, employee, or agent of Plaintiff is simply overly burdensome and not reasonably related to the issues of the preliminary injunction hearing.

**2. From January 1, 2014, through the present, describe with specificity all education classes, social services classes, workshops, seminars, lectures, and interventions**

**prepared and/or or performed by Plaintiff, as described in Paragraphs 7 and 8 of your Complaint, and, for each item you describe, state the date(s) you performed the event, the name of the event, where the event was performed, and identify all current and former employee(s), person associated with, or person acting at the direction of Plaintiff that participated and/or were involved in planning and/or performing the event, and identify the person who received such services.**

Plaintiff believes this interrogatory is not proportional to the needs of the preliminary injunction hearing. While Plaintiff can describe the specific services it provides, a range of dates wherein they were provided, and where the services were performed, additional details are proportional to the needs of the preliminary injunction hearing.

**8. State whether any employee, volunteer, person associated with Plaintiff, or Board Member of Plaintiff, including Angela King, Tony McAleer, Sammy Rangel, or Frankie Meeink, have been involved in any civil litigation in the previous ten years and, if the answer for any person is "yes," state whether the person involved was involved as either a plaintiff or a defendant, state the date the complaint was filed, identify the case number, identify the forum where the complaint was filed, provide the substance of the claims and allegations made in the Complaint, identify the other parties involved, and state whether any judgment was entered against each person so identified.**

Plaintiff believes this interrogatory is not reasonably relevant to the preliminary injunction issues (the ownership, validity, and use/commercial contexts of the marks at issue, as well as the likely irreparable harm of the parties).

## II. PLAINTIFF CONFERED WITH DEFENDANTS.

Before filing this Motion for a Protective Order, Plaintiff's counsel sent Defendants' counsel two separate letters (one on December 6th and the other on December 10th) and engaged in a phone call to confer and discuss Plaintiff's discovery objections. Defendants' counsel respectfully disagreed with Plaintiff's objections; therefore, the Court's invention is unfortunately necessary to resolve Plaintiff's discovery objections.

### III. THE DEADLINE FOR FACT DISCOVERY SHOULD BE MOVED BACK TWO WEEKS TO ALLOW THE PARTIES TO CONDUCT DEPOSTITIONS WITHIN A REASONABLE TIME AFTER THE HOLIDAYS.

Currently, fact discovery closes on January 7, 2019. Plaintiff and Defendants seek to depose individuals before the preliminary injunction hearing. Plaintiff moves to depose and be deposed a reasonable time after the holidays—specifically, between January 4, 2019 and January 21, 2918, Therefore, Plaintiff requests that the Court move the current fact discovery deadline to January 21, 2018.

### IV. THE DEPOSITIONS SHOULD BE LIMITED TO RELEVANT WITNESSES PROPORTIONAL TO THE NEEDS OF THE PRELIMANRY INJUNCTION HEARING.

Defendants have served deposition notices on the following individuals: (1) Tony McAleer, (2) Sammy Rangel, (3) Angela King, (4) Frankie Meeink, (5) Erroll Southers, and (6) Pete Simi. These six individuals are currently on the board of Life After Hate, Inc. Plaintiff believes deposing one—or at most two—of the individuals is proportional to the needs of the preliminary injunction hearing. Defendants has not made clear why they need to depose all six of Plaintiff's board members for the purpose of the preliminary injunction hearing. Additionally, Mr. McAleer lives in Canada, Mr. Rangel lives in Wisconsin, Ms, King lives in Florida, Mr. Meeink lives in Iowa, Dr. Southers lives in California, and Mr. Simi lives in California. Defendants' demand to depose all six individuals in Defendants' attorney's offices in Chicago for the purpose of the preliminary injunction hearing is not reasonable.

### CONCLUSION

The Court ordered the parties to engage in discovery for purpose of the February 22, 2018 preliminary injunction hearing. Such discovery is therefore limited in scope and to the

proportional needs of the preliminary injunction hearing. Several of Defendants' discovery requests seek information and evidence entirely irrelevant to the issues involved in the preliminary injunction hearing or are otherwise unduly burdensome in light of the proportional needs of the hearing. These requests should therefore be limited pursuant to FRCP 26(c)(1)(D) or entirely forbidden pursuant to FRCP 26(c)(1)(A). *See generally Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 312 (S.D. Ind. 2016) (granting the plaintiff's motion for a protective order and stating that "[a]sking [plaintiff] to provide every document and every piece of information it has . . . about every aspect of [plaintiff's] business operations, finances, marketing plans, and management structure is discovery too far afield from the contested issues in this case" and "constitutes discovery run amok").

Finally, the Court should limit the number of people Defendants can depose, decide the proper location of the depositions, and move the close of fact discovery two weeks into the future (to January 21, 2019) so that the parties have sufficient time to conduct the depositions within a reasonable time after the holidays.

Dated: December 10, 2018

Respectfully submitted,

LIFE AFTER HATE, INC., a/k/a EXITUSA

By: /s/ Matthew R. Grothouse
Matthew R. Grothouse
Bar No. 6314834
Daliah Saper
Bar No. 6283932
Saper Law Offices, LLC
505 North LaSalle, Suite 350
Chicago, IL 60654
Telephone: 312-527-4100
matt@saperlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 10, 2018, she caused the foregoing to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

The undersigned attorney further certifies that all parties are represented by counsel registered with the Court's ECF/CM system.

/s/ Matthew R. Grothouse
Matthew R. Grothouse

*Attorney for Plaintiff.*