**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LIFE AFTER HATE, INC., a/k/a EXITUSA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 6967 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| FREE RADICALS PROJECT, INC. and | ) | |
| CHRISTIAN PICCIOLINI, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed a motion for a protective order limiting any discovery requests from defendant to those reasonably relevant to the plaintiff's motion for a preliminary injunction in connection with its Six Count Complaint, which charges, *inter alia*: federal trademark counterfeiting/infringement and deceptive trade practices. [Dkt. #1]. The motion is based on Judge Kendall's November 8, 2018 Order in which she set a briefing schedule for plaintiff's preliminary injunction motion, set the hearing date for that motion as February 22, 2019, and stated that the "[e]nd of Fact Discovery ordered closed by 1/7/2019." Plaintiff's position is that the *only* discovery that can be going on at this time is discovery relevant to the Motion for Preliminary Injunction. [Dkt. #7]. In construing the Order, it should be remembered that "'[a]ll interpretation is contextual, and the body of knowledge that goes by the name of 'common sense' is part of the context of interpreting most documents....'" *Vendetti v. Compass Environmental, Inc.,* 559 F.3d 731, 733 (7th Cir.2009) (Posner, J.). It is also a canon of common sense applicable to *all* written documents that a literal interpretation that produces absurd results is to be avoided. *See Beanstalk Group, Inc. v. AM General Corp.,* 283 F.3d 856 (7th Cir.2002); *In re Comdisco,* 434 F.3d 963 (7th Cir.2006).

While defendant is correct in that "[o]ther than setting a discovery deadline of January 7, the Court did not order, *and Plaintiff did not request*, any limitations on the scope of discovery," [Dkt. # 36, at 6], the plaintiff would have had no reason to make such a request. While this case is three months old, the parties have not even had a Fed.R.Civ.P. 26(f) conference. That means full discovery cannot have started yet. Rule 26(f) requires that the parties have a discovery conference "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Certainly there's no reason for the parties not to conduct full discovery, as they will have to sooner or later; but if that's what the defendant wants, it will have to get going on setting up a Rule 26(f) conference. *See, e.g., Rustom v. Rustom*, No. 17 C 9061, 2018 WL 3105926, at *1 (N.D. Ill. June 25, 2018); *Robinson v. Cook Cty. Sheriff's Dep't*, No. 14 C 9064, 2015 WL 2375390, at *4 (N.D. Ill. May 14, 2015)(finding discovery requests "premature, because no Rule 26(f) conference has been held."); *Smith v. Lake Cty.*, No. 2:15-CV-123-WCL-JEM, 2017 WL 632114, at *1 (N.D. Ind. Feb. 13, 2017)(motion to compel discovery inappropriate where no Rule 26(f) discovery conference had taken place); *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012). As things stand now, however, plaintiff is correct that the only possible (and sensible) interpretation of Judge Kendall's Order is that only discovery relevant to the preliminary injunction should be proceeding.[1]

As such, requests like "[a]ll documents, ESI, Communications, and Other Things related to the allegations and claims contained in the Complaint . . . .", or "[a]ll Documents, ESI, and Other Things regarding all current board members, employees, volunteers, contractors, and any and all

---

[1] In its reply brief, plaintiff submits that this interpretation is bolstered by the fact that defendant moved for expedited discovery covering the motion for a preliminary injunction. [Dkt. # 38]. There is no such motion on the docket. It may well have been an oral motion made at the hearing on November 8, but neither side has supplied a transcript of that proceeding.

others associated with Life After Hate, including personnel files, and any documents regarding criminal convictions, arrests, or litigation involving such persons.", or "[a]ll Documents, ESI, Communications, and Other Things regarding all board meeting minutes and resolutions from January 1, 2014 through the present, and all articles and by-laws of Life After Hate," etc., go well beyond the scope of present discovery envisioned by Judge Kendall. While it may be true, as defendant submits, that plaintiff's claims are intertwined such that documents relevant to plaintiff's federal trademark counterfeiting/ infringement and deceptive trade practices are also relevant to plaintiff's other claims, plaintiff is not arguing that it is entitled to withhold a document from discovery because it is relevant to two different claims. It cannot.

What plaintiff wants is a search limited to documents relevant only to claims other than the two involved in the preliminary injunction motion. If the defendant cast a net limited to those two claims and just happened to catch some fish relevant to the other claims as well, that would be fine. *Compare Geldon v. South Milwaukee School District,* 414 F.3d 817 (7th Cir.2005); *Maher v. City of Chicago,* 406 F.Supp.2d 1006, 1023 (N.D.Ill.2006). But the defendant has targeted all the fish. And that is too much. It is not the case that the defendant cast a net limited to the fish at issue under Judge Kendall's Order. It was clearly defendant's intent to begin catching all types of fish now, as it argues that it is more efficient to have all discovery going on from the beginning rather than bifurcating into injunction claims now and all claims later on. Perhaps – although a contrary value judgment is equally, if not more persuasive in this case. But the inescapable reality is that there has been no Rule 26(f) conference, and Judge Kendall's Order can only be interpreted as contemplating

3

and allowing limited discovery.[2]

Accordingly, the plaintiff's motion is granted as follows: Discovery is limited, in accordance with the above interpretation of Judge Kendall's Order, to only the claims that are part of the plaintiff's motion for a preliminary injunction, namely, federal trademark counterfeiting/infringement and deceptive trade practices. The fact discovery deadline relating to the preliminary injunction is extended to January 21, 2019. As the plaintiff chose to litigate here, however, it cannot complain about producing its corporate representatives for deposition here in Chicago, as apparently today it agreed to do. Any issues that might come up during those depositions that require intervention will be handled by phone as I told the parties in court today. As for any issues that might come up with written discovery in the wake of this Order, the parties are reminded of their obligations to meet and confer *in good faith* under Local Rule 37.2 about the particular issues that might arise. *See*, *generally, Infowhyse GmbH v. Fleetwood Grp.*, No. 15 CV 11229, 2016 WL 4063168, at *1 (N.D. Ill. July 29, 2016).

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1-10-19

---

[2] None of this, of course, affects the parties' obligations regarding Mandatory Initial Discovery. Judge Kendall's Order in that regard still stands and, as she indicated in that Order [Dkt. #11], Mandatory Initial Discovery is a stand-alone obligation and is not dependant on procedures set forth in Fed.R.Civ.P. 26(f) or 16(b).