# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LIFE AFTER HATE, INC., a/k/a EXITUSA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 6967 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| FREE RADICALS PROJECT, INC. and | ) | |
| CHRISTIAN PICCIOLINI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff has filed a "Motion for Approval to Exceed the 15 Page Limit" on a motion it intends to file for discovery sanctions against the defendants due to what plaintiff calls "sweeping discovery misconduct . . . ." during preliminary injunction discovery. [Dkt. # 167]. The plaintiff noticed the motion for hearing on 3/2/20. Oddly, when the motion was called this morning, no one appeared on behalf of the plaintiff, nor did anyone call to explain that absence. That alone would have sufficed for denial of the motion. But there are more compelling reasons for denial of the motion.

The motion comes as a bit of a surprise. In the year of discovery in this case, the plaintiff has filed two motions to compel, both dramatically styled "emergency motions." [Dkt. ## 56, 64]. Both motions asked for Fed.R.Civ.P 37 sanctions but, as both were granted in part and denied in part, sanctions were deemed not appropriate. [Dkt. ## 59, 66]. Plaintiff never filed any objections to those rulings, and the time for review has long passed. Fed.R.Civ.P 72(a). Thus, the motion plaintiff seeks to file must deal with some violation that has come since those motions were disposed of, with the

question being why these more recent violations were not the subject of a motion to compel in the year since the most recent discovery dispute.

In any event, the Motion to Exceed the 15 Page Limit prescribed by the Local Rules is denied. "Enforcing page limits and other restrictions on litigants is rather ordinary practice." *Watts v. Thompson,* 116 F.3d 220, 224 (7th Cir.1997). Indeed, in most instances, page limits are "rather strictly, and cheerfully, enforced." Page limitations are "designed as much for the benefit of the litigants as for the benefit of the court. If extra pages mean stronger argument, enforcement of the page limit protects those who obey the rules. But extra pages may not mean stronger argument. A limitation induces the advocate to write tight prose, which helps his client's cause." *Morgan v. South Bend Community School Corp.,* 797 F.2d 471, 480–481 (7th Cir.1986) (Easterbrook, J.). *See also Jones v. Barnes*, 463 U.S. 745, 746 (1983).

Significantly, plaintiff has already gotten one free brief with excess pages. Without seeking leave under Local Rule 7.1, plaintiff filed a second emergency Motion to Compel that was 21 pages, with pages 7 through 21 *set out in single spacing*. [Dkt. # 64]. Thus, the brief was in glaring violation of the Local Rules here and throughout the country regarding page limitations of briefs. For all practical purposes, then, the motion was the equivalent of 35 pages – more than double the limit under the rules. Manipulation of page limits is frowned on everywhere. *See* the discussion in *Miller U.K. Ltd v. Caterpillar*, 292 F.R.D. 540, 592 (N.D.Ill. 2013); *Slaven v. Great American Ins Co.*, 215 WL 1247431 (N.D.Ill. 2015); *Native American Arts v. Peter Stone Co.*, 2015 WL 228209 (N.D.Ill. 2015). So, plaintiff violated both Local Rule 5.2(c) and 7.1, without repercussions at the time. Stronger argument was not the result, nor was greater clarity achieved by this stratagem. In view of that earlier filing, plaintiff's Local Rule violations have come home to roost and its motion for extra

pages [Dkt. # 165, 167] is denied. This conclusion is not affected by the tendentious assertion that "[a]ny length shorter than 25 pages would turn the Court into an 'archaeologist' by forcing it to 'excavate masses of papers in search of revealing tidbits.'" [Dkt. #167 at ¶ 3]. Indeed, the motion insists that the "25 pages do not contain a sentence more than needed and will 'make it easy for the court to rule....'" [Dkt. #167 at ¶ 4]. But, of course, "...saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010). *See also Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018). Here, as always, evidence, not partisan conclusions, must govern. *Biestek v. Berryhill*, ⎯⎯ U.S. ⎯⎯, 139 S. Ct. 1148, 1162 (2019). *Cf. Ner Tamid Congregation of N. Town v. Krivoruchko*, 2009 WL 10696539, at *2 (N.D. Ill. 2009)(claim of mistake was not supported by affidavit, and a lawyer's unsupported statements in briefs are not evidence); *Monco v. Zoltek Corp.*, 317 F. Supp. 3d 995, 1001 (N.D. Ill. 2018).[1] In short, if the plaintiff's unexplained conclusion were required to be accorded the weight of an encyclical, page limitations on briefs would cease to have any meaning or efficacy where counsel concluded it was not in his or her interest to follow them.

The Motion for Approval to Exceed 15 Page limit [Dkt. #167] is denied.

**ENTERED:** _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/2/20

---

[1] As the Seventh Circuit has stressed evidence, not arguments or conclusions, is what counts. *See, e.g., Gaston v. Ghosh,* 498 F.3d 629 (7th Cir 2019)*; Madlock v. WEC Energy Group, Inc.,* 885 F.3d 465, 473 (7th Cir. 2018); *Long v. Pfister*, 874 F.3d 544, 555 (7th Cir. 2017); *Sottoriva v. Claps,* 617 F.3d 971, 976 (7th Cir. 2010).